UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY T. GIBBONS,

       Plaintiff,

v.                                               Case No. 1:11-CV-1034

COMMISSIONER OF SOCIAL               HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On December 12, 2012, Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation (R & R) recommending that this Court affirm the decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff disability insurance benefits, pursuant to 42 U.S.C. § 405(g). Plaintiff has filed a timely Objection. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court will adopt the R & R as the opinion of the Court.

Plaintiff limits his Objection to one argument: the magistrate judge incorrectly recommended that this Court affirm the administrative law judge's (ALJ) determination because the ALJ failed to articulate specific reasons for his credibility determinations and explain how he weighed the evidence.

Although an ALJ may discount a claimant's credibility when the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence," *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997), an ALJ's credibility determinations of subjective complaints must be "reasonable and supported by substantial evidence," *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 249 (6th Cir. 2007); *see also Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (employing a "substantial evidence" standard). A court "may not disturb" an ALJ's credibility determination absent a compelling reason. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Plaintiff cites *Rogers v. Commissioner of Social Security*, 486 F.3d 234, for the proposition that an ALJ may not make "blanket" credibility assertions "without providing sufficiently specific evidence to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to individual statements and the reasons for the weight." (Pl.'s Objection to R & R, Docket no. 16, Page ID 438.) In *Rogers*, the Sixth Circuit found an ALJ's reasons for discounting a claimant's credibility did not constitute substantial evidence and were not based upon the record in its entirety. The court observed that the ALJ mischaracterized the claimant's testimony and failed to consider a variety of relevant facts—for instance, that the claimant required daily assistance for personal care and could not sit for longer than a few minutes—rendering the ALJ's credibility determination unreasonable.

In this case, the ALJ concluded that Plaintiff's statements concerning the "intensity, persistence and limiting effects" of his symptoms—pain in his right shoulder and neck, heart problems, asthma, and headaches—were "not credible" to the extent that they were "inconsistent with [his] residual functional capacity assessment." The basis of the ALJ's conclusions were:

- Follow-up reports showed that Plaintiff "ha[d] been doing well" since his two heart surgeries with stent placements, the last one occurring in 2009.

- An exercise stress test was normal.

- Prior to Plaintiff's 2009 hospitalization, Plaintiff had not been to a cardiologist in over 10 years.

- Regarding his asthma, Plaintiff said in December 2009 that he "had no issues with his lungs and his current medication regimen was working well."

- Chest x-rays performed in January 2010 showed no acute cardiopulmonary process and x-rays of the thoracic spine were "unremarkable."

- Plaintiff underwent surgery on his right shoulder in 2004 and there was very little objective evidence to show that he had continued to be treated for shoulder pain.

(AR 17.) In summary, the ALJ explained that he gave "reasonable credit to the claimant's testimony and findings of his treating and examining physicians," but neither direct evidence in the record, nor claimant's own statements or activities supported the conclusion that he was unable to perform any substantial, gainful activity.

A review of the record shows that the ALJ's credibility determination was based on discrepancies between Plaintiff's claims, Plaintiff's activities, and medical evidence. Although the ALJ does not expressly explain the weight he assigned to each of these specific statements, he explains that the inconsistencies between the record and Plaintiff's statements about the intensity, persistence, and limiting effects of his physical symptoms were not credible. The ALJ's specific examples of inconsistency are sufficient to constitute reasonable and substantial evidence. Plaintiff has not offered counter examples of evidence that the ALJ failed to consider in evaluating Plaintiff's credibility or the record as a whole.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 12, 2012 (docket no. 15) is **ADOPTED** as the opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

A separate judgment will issue.

Dated: March 8, 2013                    /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE